UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

DORA LOPEZ DE LA NUEZ, LEIDY )
VAZQUEZ, LUIS ZAPATA, PHILLIP )
AGUILERA, MAURICE MACKENSON, )
DARRINGTON HORNE, RENAN )
OBREGON, EDWARD RODRIGUEZ, )
YAMIL RODRIGUEZ TANCO, JOEL )
VAZQUEZ, JORGE LOPEZ, and all others )
similarly situated under 29 U.S.C. 216(B), )
 )
        Plaintiffs, )
vs. )
 )
AF DESIGN SERVICES, LLC., ABILIO )
FURTADO and LUINA FURTADO )
 )
        Defendants.

---

## **COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE AND OVERTIME VIOLATIONS**

Plaintiffs, DORA LOPEZ DE LA NUEZ, LEIDY VAZQUEZ, LUIS ZAPATA, PHILLIP AGUILERA, MAURICE MACKENSON, DARRINGTON HORNE, RENAN OBREGON, EDWARD RODRIGUEZ, YAMIL RODRIGUEZ TANCO, JOEL VAZQUEZ and JORGE LOPEZ on behalf of themselves and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, AF DESIGN SERVICES, LLC, ABILIO FURTADO, and LUINA FURTADO, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. Plaintiff DORA LOPEZ DE LA NUEZ was a resident of Miami-Dade County, Florida at the time this dispute arose.

3. Plaintiff LEIDY VAZQUEZ was a resident of Miami-Dade County, Florida at the time this

dispute arose.

4. Plaintiff LUIS ZAPATA was a resident of Miami-Dade County at the time this dispute arose

5. Plaintiff PHILLIP AGUILERA was a resident of Miami-Dade County at the time this dispute arose.

6. Plaintiff MAURICE MACKENSON was a resident of Miami-Dade County at the time this dispute arose.

7. Plaintiff DARRINGTON HORNE was a resident of Miami-Dade County at the time this dispute arose.

8. Plaintiff RENAN OBREGON was a resident of Miami-Dade County at the time this dispute arose.

9. Plaintiff EDWARD RODRIGUEZ was a resident of Miami-Dade County at the time this dispute arose.

10. Plaintiff YAMIL RODRIGUEZ TANCO was a resident of Miami-Dade County at the time this dispute arose.

11. Plaintiff JOEL VAZQUEZ was a resident of Miami-Dade County at the time this dispute arose.

12. Plaintiff JORGE LOPEZ was a resident of Miami-Dade County at the time this dispute arose.

13. The Defendant, AF DESIGN SERVICES, LLC, is a corporation that regularly transacts business within Palm Beach County. Upon information and belief, the Defendant Corporation was the Plaintiffs' FLSA employer during Plaintiffs' employment ("the relevant time period").

14. The individual Defendant, ABILIO FURTADO, is a corporate officer and/or owner of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the

relevant time period, was responsible for paying Plaintiffs' wages for the relevant time period, and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

15. The individual Defendant, LUINA FURTADO, is a corporate officer and was responsible for paying Plaintiffs' wages for the relevant time period, and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

16. The acts or omissions giving rise to this dispute took place in Miami-Dade County, Florida.

## COUNT I. FEDERAL OVERTIME AND MINIMUM WAGE VIOLATIONS

17. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiffs who have not been paid all wages owed for work performed from the filing of this complaint back three years.

18. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

19. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

20. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

21. Plaintiff, DORA LOPEZ DE LA NUEZ, worked for Defendants as an architect and

construction manager from on or about July 5, 2016 through on or about May 5, 2017.

22. Plaintiff, LEIDY VAZQUEZ, worked for Defendants as a janitor from on or about May 5, 2014, through on or about May 5, 2017.

23. Plaintiff, LUIS ZAPATA, worked for the Defendants as a supervisor from on or about April 1, 2016 through on or about May 12, 2017.

24. Plaintiff, PHILLIP AGUILERA, worked for the Defendants as a painter from on or about May 25, 2016 through on or about May 12, 2017.

25. Plaintiff, MAURICE MACKENSON, worked for the Defendants as a laborer from on or about September 17, 2016 through on or about May 12, 2017.

26. Plaintiff, DARRINGTON HORNE, worked for the Defendants as a drywall finisher from on or about October 1, 2016 through May 12, 2017.

27. Plaintiff, RENAN OBREGON, worked for the Defendants as an electrician from on or about November 25, 2016 through on or about May 5, 2017.

28. Plaintiff, EDWARD RODRIGUEZ, worked for the Defendants as a plumber from on or about April 1, 2016 through on or about May 12, 2017.

29. Plaintiff, YAMIL RODRIGUEZ TANCO, worked for the Defendants as a drywall finisher from on or about April 1, 2016 through on or about May 12, 2017.

30. Plaintiff, JOEL VAZQUEZ, worked for the Defendants as a drywall finisher from on or about November 1, 2015 through on or about May 12, 2017.

31. Plaintiff, JORGE LOPEZ, worked for Defendants as a carpenter from on or about June 22, 2016 through May 12, 2017.

32. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate

commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the goods and/or materials that Plaintiffs used and/or handled on a constant and/or continual basis and/or that were supplied to Plaintiffs by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

33. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $500,000 annually for the year 2016.

34. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the third quarter in the year 2016.

35. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

36. Plaintiff, DORA LOPEZ DE LA NUEZ, worked for Defendants from on or about April 9, 2017 through on or about May 5, 2017. During this time period Plaintiff was contracted to be paid at the rate of $18.00 an hour and worked an average of 40 hours per week but was not paid any wages whatsoever as required by law. Plaintiff therefore claims the higher applicable rate between her contractual rate and the minimum wage for each hour worked.

37. Plaintiff, LEIDY VAZQUEZ, worked for Defendants from on or about April 9, 2017 through on or about May 5, 2017. During this time period Plaintiff was contracted to be paid at a rate of $13.70 an hour and worked an average of 40 hours per week but was not but was not paid

any wages whatsoever as required by law. Plaintiff therefore claims the higher applicable rate between her contractual rate and the minimum wage for each hour worked..

38. Plaintiff, LUIS ZAPATA, worked for the Defendants from on or about April 9, 2017 through on or about May 12, 2017. During this time period Plaintiff was contracted to be paid at a rate of $1,100 per week and worked an average of 45 hours per week but was not paid any wages whatsoever as required by law. Plaintiff therefore claims the higher applicable rate between his contractual rate and the minimum wage for each hour worked.

39. Plaintiff, PHILLIP AGUILERA, worked for the Defendants from on or about April 2, 2017 through on or about May 12, 2017. During this time period Plaintiff was contracted to be paid at a rate of $15.00 an hour and worked an average of 40 hours per week but was not paid any wages whatsoever as required by law. Plaintiff therefore claims the higher applicable rate between his contractual rate and the minimum wage for each hour worked.

40. Plaintiff, MAURICE MACKENSON, worked for the Defendants from on or about April 9, 2017 through on or about May 12, 2017. During this time period Plaintiff was contracted to be paid at a rate of $12.00 an hour and worked an average of 46 hours per week but was not paid any wages whatsoever and was not paid time and a half overtime as required by law. Plaintiff therefore claims the higher applicable rate between his contractual rate and the minimum wage for each hour worked as well as time and a half overtime wages for each overtime hour worked.

41. Plaintiff, DARRINGTON HORNE, worked for the Defendants from on or about April 9, 2017 through on or about May 12, 2017. During this time period Plaintiff was contracted to be paid at a rate of $18.00 an hour and worked an average of 40 hours per week but was not paid any wages whatsoever as required by law. Plaintiff therefore claims the higher

applicable rate between his contractual rate and the minimum wage for each hour worked

42. Plaintiff, RENAN OBREGON, worked for the Defendants as an electrician from on or about April 9, 2017 through on or about May 5, 2017. During this time period Plaintiff was contracted to be paid at a rate of $22.00 an hour and worked an average of 40 hours per week but was not paid any wages whatsoever as required by law. Plaintiff therefore claims the higher applicable rate between his contractual rate and the minimum wage for each hour worked.

43. Plaintiff, EDWARD RODRIGUEZ, worked for the Defendants from on or about April 9, 2017 through on or about May 12, 2017. During this time period Plaintiff was contracted to be paid at a rate of $23.00 an hour and worked an average of 40 hours per week but was not paid any wages whatsoever as required by law. Plaintiff therefore claims the higher applicable rate between his contractual rate and the minimum wage for each hour worked.

44. Plaintiff, YAMIL RODRIGUEZ TANCO, worked for the Defendants from on or about April 9, 2017 through on or about May 12, 2017. During this time period Plaintiff was contracted to be paid at a rate of $24.00 an hour and worked an average of 56 hours per week but was not paid any wages whatsoever and was not paid time and a half overtime as required by law. Plaintiff therefore claims the higher applicable rate between his contractual rate and the minimum wage for each hour worked as well as time and a half overtime wages for each overtime hour worked.

45. Plaintiff, JOEL VAZQUEZ, worked for the Defendants from on or about April 9, 2017 through on or about May 12, 2017. During this time period Plaintiff was contracted to be paid at a rate of $20.00 an hour and worked an average of 44 hours per week but was not paid any wages whatsoever and was not paid time and a half overtime as required by law.

Plaintiff therefore claims the higher applicable rate between his contractual rate and the minimum wage for each hour worked as well as time and a half overtime wages for each overtime hour worked.

46. Plaintiff, JORGE LOPEZ, worked for the Defendants from on or about April 9, 2017 through on or about May 12, 2017. During this time period Plaintiff was contracted to be paid at a rate of $23.00 an hour and worked an average of 43.3 hours per week but was not paid any wages whatsoever and was not paid time and a half overtime as required by law. Plaintiff therefore claims the higher applicable rate between his contractual rate and the minimum wage for each hour worked as well as time and a half overtime wages for each

47. Defendants willfully and intentionally refused to pay Plaintiffs' wages as required by the Fair Labor Standards Act as Defendants knew of the requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs requests their unpaid wages owed, an equal amount in liquidated damages, and reasonable attorney fees from Defendants pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all wages still owing from Plaintiffs' entire employment periods with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

The Plaintiffs request a trial by jury.

## COUNT II. BREACH OF CONTRACT

Plaintiff adopts and re-alleges the allegations contained in paragraphs 1- 47 above and further states:

48. This Court has supplemental jurisdiction to hear this count pursuant to 28 U.S.C. §1367.

49. All conditions precedent have been fulfilled prior to bringing this action for breach of contract.

50. Prior to the onset of the Plaintiffs' employment, each entered into oral employment contracts with the Defendants.

51. Plaintiff DORA LOPEZ DE LA NUEZ' contract guaranteed her $18.00 per hour, and she did in fact perform her obligations under the contract by working for an average of 40 hours per week in the time period described above. The Plaintiff therefore claims the amount promised to her under the contract for the time that she worked.

52. Plaintiff LEIDY VAZQUEZ' contract guaranteed her $13.70 per hour, and she did in fact perform her obligations under the contract by working for an average of 40 hours per week in the time period described above. The Plaintiff therefore claims the amount promised to her under the contract for the time that she worked.

53. Plaintiff LUIS ZAPATA's contract guaranteed him a salary of $57,200.00 per year, and did in fact perform his obligations under the contract during his employment by working an average of 45 hours per week, but he did not receive any wages whatsoever. The Plaintiff therefore claims the amount promised to him under the contract for the period in which he worked.

54. Plaintiff PHILIP AGUILERA's contract guaranteed him $15.00 per hour, and he did in perform his obligation under the contract by working an average of 40 hours per week in the

time period described above. The Plaintiff therefore claims the amount promised to him under the contract for the time he worked.

55. Plaintiff MAURICE MACKENSON's contract guaranteed him $12.00 per hour, and he did in fact perform his obligation under the contract by working for an average of 43 hours per week in the time period described above. The Plaintiff therefore claims the amount promised to him under the contract for the time he worked.

56. Plaintiff RENAN OBREGON's contract guaranteed him $22.00 per hour, and he did in fact perform his obligation under the contract by working for an average of 40 hours per week in the time period described above. The Plaintiff therefore claims the amount promised to him under the contract for the time he worked.

57. Plaintiff, EDWARD RODRIGUEZ' contract guaranteed him $23.00 per hour, and he did in fact perform his obligation under the contract by working for an average of 40 hours per week in the time period described above. The Plaintiff therefore claims the amount promised to him under the contract for the time he worked.

58. Plaintiff, YAMIL RODRIGUEZ TANCO's contract guaranteed him $24.00 per hour, and he did in fact perform his obligations under the contract by working for an average of 56 hours per week in the time period described above. The Plaintiff therefore claims the amount promised to him under the contract for the time he worked.

59. Plaintiff, JORGE LOPEZ' contract guaranteed him $23.00 per hour, and he did in fact perform his obligations under the contract by working an average of 43.3 hours per week in the time period described above. The Plaintiff therefore claims the amount promised to him under the contract for the time he worked.

60. The Defendants have breached their obligations under the contract by failing to pay the

Plaintiffs their contractually obligated wages as described above, and the Plaintiffs have been damaged accordingly.

WHEREFORE, Plaintiffs demand judgment against the Corporate Defendant for all damages allowed by law under the contract including but not limited to the unpaid wages owed. Plaintiffs request a trial by jury.

Respectfully Submitted,

Fiorella Castagnola Blaikie, Esq.
**Fiorella Castagnola, P.A.**
Attorney for Plaintiffs

4697 W. Flagler St.
Coral Gables, Florida 33134
Phone: (786) 703-7936
Fax: (305) 675-7675
Email: Fiorella@rclegalgroup.com

By:*/s/ Fiorella Castagnola Blaikie*
    Fiorella Castagnola Blaikie, Esq.
    Florida Bar Number: 90953